UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TERRY ACKLEY; JOHN HALL; BRIDGETT
HALL; SUSAN MARSHALL; and ZACHARY
MCGARRAH, each on behalf of himself and all
others similarly situated                                                         PLAINTIFFS

v.                                        No. 5:18-CV-05079

RAUSCH COLEMAN DEVELOPMENT GROUP, INC.                              DEFENDANT

**OPINION AND ORDER**

Before the Court is a joint motion (Doc. 22) to approve the parties' settlement agreement and dismiss Plaintiffs' individual Fair Labor Standards Act and Arkansas Minimum Wage Act claims. No collective action has been certified. In addition to the unsealed motion, the parties have filed the motion, proposed settlement, and supporting documents under seal (Doc. 24) for the Court's review. Further, the parties have remained accommodating to the Court in their repeated offers to provide any additional information the Court might require to evaluate whether the settlement is fair and reasonable. However, as it stands, the motion must be denied without prejudice to its refiling.

A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. United States*, 769 F.3d 1350, 1353 n.8 (11th Cir. 1982). The parties' disputes over whether a coverage exemption applies to Plaintiffs and whether any FLSA wage and overtime violations were willful are bona fide. And after review of the sealed settlement agreement, it appears to the Court that the parties have likely achieved a fair compromise of their dispute. However, the parties have made clear that an essential term of the current settlement agreement is that it remains

confidential, and the waiver of claims against Defendant included in the settlement agreement extends beyond just wage and hour claims.

Settlement agreements conditioned on confidentiality run counter to the policy of public access to judicial documents. There is a presumption of public access to judicial documents. In order for the Court to approve a confidential settlement agreement, the parties must demonstrate a need for confidentiality that outweighs the strong presumption to public access. *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 337 (S.D.N.Y. 2012). The motion in its instant form fails to make this demonstration.

Because the provisions of the FLSA are mandatory, their compromise cannot be made contingent upon confidentiality agreements and the waiver of non-FLSA claims. *Briggins v. Elwood TRI, Inc.*, 3 F.Supp.3d 1277, 1288–89 (N.D. Ala. 2014) (stating that in order to be compensated consistently with the FLSA, an employee cannot be compelled to make "side deals" that do not relate to the bona fide disputes over FLSA coverage or wages due).

The presence of the confidentiality provision without demonstrated need and the waiver of any other potential claims Plaintiffs might have prevent the Court from approving the settlement agreement in its instant form, and the motion to approve and dismiss must be denied.

IT IS THEREFORE ORDERED that the joint motion (Doc. 22) is DENIED without prejudice to its refiling.

IT IS SO ORDERED this 4th day of January, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE