# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

TERRY ACKLEY, et al.                                                    PLAINTIFFS

v.                              No. 5:18-CV-05079

RAUSCH COLEMAN DEVELOPMENT
GROUP, INC.                                                             DEFENDANT

## OPINION AND ORDER

Before the Court are an amended motion (Doc. 27) and joint motion (Doc. 32) to approve

the parties' settlement and dismiss this Fair Labor Standards and Arkansas Minimum Wage Act

case.  No collective action has been certified.  In addition to the motions, the parties have filed

their settlement agreement (Doc. 32-1) and the affidavit (Doc. 32-2) of Plaintiffs' counsel detailing

his hours worked for the Court's review.  Affidavits (Doc. 33-1) of the Plaintiffs concerning their

hours worked and understanding of the settlement and overtime calculations (Doc. 33-2) have also

been filed with access restricted to the Court and parties for the Court's in camera review.  The

parties have been diligent in amending their settlement agreement to address the Court's concerns

and allow it to evaluate whether the settlement is fair and reasonable.  Having had an opportunity

to review all the documentation submitted by the parties, the Court will grant the motions.

A district court may only approve a settlement agreement and enter a stipulated judgment

that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide

dispute and that the proposed settlement is fair and equitable to all parties.  *Lynn's Food Stores,*

*Inc. v. United States*, 769 F.3d 1350, 1353 n.8 (11th Cir. 1982).  The parties' disputes over whether

a coverage exemption applies to Plaintiffs and whether any FLSA wage and overtime violations

were willful are bona fide.  After review of the settlement agreement, it appears to the Court that

the parties have achieved a fair compromise of their dispute, and that the settlement agreement

1

should be approved.

The Court notes that the FLSA and AMWA allow for reasonable attorney's fees to be awarded to a plaintiff or plaintiffs in addition to any amount recovered. 29 U.S.C. § 216(b); Ark. Code Ann. § 11-4-218. After mediation, the parties have negotiated a settlement that essentially treats all recovery as a common fund and sets aside a portion of this common fund for plaintiffs' attorney's fees. Were this plaintiffs' recovery achieved following trial, then to ensure that the purposes of the FLSA and AMWA were satisfied, the Court almost certainly would not award an attorney's fee that reduces the amount of damages recovered by plaintiffs. However, "any process of reviewing and approving stipulated attorneys' fees in the event of a settlement is more deferential than resolving attorneys' fees in a disputed case." *Melgar v. OK Foods*, 902 F.3d 775, 779–80 (8th Cir. 2018). "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

IT IS THEREFORE ORDERED that the motions (Docs. 27 and 32) are GRANTED, the parties' settlement agreement is approved, and this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 17th day of April, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE